FILED
J.N
FEB X 4 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT
FEB 0 4 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHUNNA WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | 08CV753 |
| ) | JUDGE CASTILLO |
| v. ) | MAG. JUDGE COLE |
| ) | |
| DEPUTY DAVID LAWSON, DEPUTY K. ) | |
| HANKS, SHERIFF RICHARD A. RANDALL, and ) | |
| COUNTY OF KENDALL, ILLINOIS, ) | Jury Demand |
| ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, SHUNNA WILLIAMS, by and through her attorneys, ELLIOT RICHARDSON, SEAN BAKER, EDWARD GARRIS and RACHELLE SORG and complaining of the Defendants DEPUTY DAVID LAWSON, DEPUTY K. HANKS, SHERIFF RICHARD A. RANDALL, and COUNTY OF KENDALL, ILLINOIS, states as follows:

### JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C §1983; the Judicial Code, U.S.C. § 1331 and §1343(a); and the Constitution of the United States and the supplemental jurisdiction of this Court as codified in 28 U.S.C. §1367(a);

### PARTIES

2. The Plaintiff, SHUNNA WILLIAMS (hereinafter "Williams"), is a citizen of the State of Illinois and the United States.

3. Defendant Deputy David Lawson was, at all times material to this action, a member of the Sheriff's Office of Kendall County, Illinois;

4. Defendant Deputy K. Hanks was, at all times material to this action, a member of

the Sheriff's Office of Kendall County, Illinois;

5. Defendant Sheriff Richard A. Randall was, at all times material to this action, the Sheriff of Kendall County, Illinois.

6. Richard A. Randall was the principal of Deputy Sheriff Lawson and Deputy Sheriff Hanks.

7. The County of Kendall is a duly incorporated corporation duly organized under the laws of the State of Illinois, and was at all times material to this action the principal and employer of Deputy David Lawson, Deputy K. Hanks, and Sheriff Richard A. Randall.

8. Defendant Deputy Lawson and Defendant Deputy Hanks and the Sheriff are sued in their individual capacities and official capacities.

9. At all times relevant to this Complaint, the Defendant Deputies and Sheriff were acting under the color of state law, ordinance and/or regulation, statute, custom and usage of the County of Kendall and State of Illinois.

## FACTS COMMON TO ALL COUNTS

10. On the evening of February 4, 2007, the Plaintiff was operating her motor vehicle in a northbound direction on Route 47, south of Helmar Road, in the County of Kendall, State of Illinois.

11. At the aforesaid place and time, Defendant Deputy Lawson was in his police cruiser and pulled the Plaintiff over to the side of the road on Route 47, near Caton Farm Road.

12. Defendant Deputy Lawson approached the Plaintiff in an aggressive and intimidating manner.

13. Defendant Deputy Lawson subsequently reached into the Plaintiff's car through an open window, unlocked her door from the inside and pulled the Plaintiff from the vehicle.

14. Defendant Deputy Lawson violently threw the Plaintiff against her vehicle, searched her and placed her in handcuffs.

15. Defendant Deputy Hanks arrived at the scene shortly thereafter and searched the Plaintiff.

16. The Plaintiff was arrested by Defendant Deputy Lawson for resisting a peace officer and obstructing a peace officer.

17. Defendant Deputy Hanks detained the Plaintiff in the rear of Deputy Lawson's police cruiser.

18. Defendant Deputy Lawson transported the Plaintiff to Kendall County Jail where she was booked and detained, and where Deputy Lawson searched the Plaintiff again.

19. Defendant Deputy Lawson lacked probable cause to search and/or arrest the Plaintiff on February 4, 2007.

20. Defendant Deputy Lawson's use of force upon the Plaintiff was excessive and unreasonable.

21. Defendant Deputy Hanks' search of the Plaintiff was unreasonable.

22. Defendant Deputy Lawson's subsequent and repeated search of the Plaintiff was unreasonable.

23. The Plaintiff did not threaten Defendant Deputy Lawson on February 4, 2007.

24. The Plaintiff did not physically assault Defendant Deputy Lawson on February 4, 2007.

25. The Plaintiff did not attempt to flee the scene of the traffic stop during her interactions with Defendant Deputy Lawson on February 4, 2007.

26. The Plaintiff did not threaten Defendant Deputy Hanks on February 4, 2007.

27. The Plaintiff did not physically assault Defendant Deputy Hanks on February 4, 2007.

28. The Plaintiff did not attempt to flee the scene of the traffic stop during her interactions with Defendant Deputy Hanks on February 4, 2007.

29. As a proximate cause of the Defendants' conduct, the Plaintiff has been injured. She has suffered pain, emotional damages, pecuniary damages and other compensable damages.

### COUNT I – §1983 Excessive Use of Force Against Defendant Lawson – Fourth Amendment

30. The Plaintiff, Shunna Williams, re-alleges, restates and incorporates paragraphs one (1) through twenty-nine (29) of this Complaint as if fully set forth herein;

31. The above-referenced conduct of the Defendant Deputy Lawson amounted to an excessive use of force unto Plaintiff and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure;

32. The Defendant Deputy Lawson's aforementioned conduct was the direct and proximate cause of the constitutional violations set forth above and the Plaintiff's injuries;

WHEREFORE, the Plaintiff, Shunna Williams, respectfully requests that this Honorable Court enter judgment in her favor and award her compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems equitable and just.

### COUNT II – §1983 Claim – False Arrest Against Defendant Deputy Lawson – Fourth Amendment

33. The Plaintiff, Shunna Williams, re-alleges, restates and incorporate paragraphs one (1) through twenty-nine (29) of this Complaint as if fully set forth herein;

34. This Count is brought pursuant to 42 U.S.C. §1983 and the Constitution of the United States;

4

35. Defendant Deputy Lawson caused the Plaintiff to be arrested on February 4, 2007, in violation of the Fourth Amendment of the United States Constitution;

36. The aforementioned acts of Defendant Deputy Lawson proximately caused the Plaintiff to be deprived of her Fourth Amendment right to be free from arrest lacking probable cause and caused her to be unlawfully detained and jailed against her will, causing the Plaintiff to be damaged.

WHEREFORE, the Plaintiff, Shunna Williams, respectfully requests that this Court enter judgment against the Defendant Deputy Lawson in her favor and award her compensatory damages, punitive damages, costs, attorney fees, and any further relief this Court deems equitable and just.

### COUNT III - §1985(3) Conspiracy to Deprive Rights – Defendant Deputy Lawson

37. The Plaintiff, Shunna Williams, re-alleges, restates and incorporate paragraphs one (1) through twenty-nine (29) of this Complaint as if fully set forth herein;

38. Defendant Deputy Lawson jointly agreed and/or acted in concert with Defendant Deputy Hanks to exercise their authority to deprive Plaintiff of her constitutional rights because Plaintiff was an African-American female.

WHEREFORE, the Plaintiff, Shunna Williams, respectfully requests that this Honorable Court enter judgment in her favor and award the Plaintiff compensatory damages, punitive damages, the costs incurred in this matter, and any further relief that this Honorable Court deems fair and just.

### COUNT IV – State Law Assault and Battery Claims Against Defendant Deputy Lawson

39. The Plaintiff, Shunna Williams, re-alleges, restates and incorporates paragraphs one (1) through twenty-nine (29) of this Complaint as if fully set forth herein.

40. The actions of the Defendant Deputy Lawson were affirmative acts intended to cause unpermissive contacts of a harmful and/or offensive nature to which the Plaintiff did not consent, and thus constituted battery under the laws and constitution of the State of Illinois;

41. These unpermissive acts directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above;

42. The actions of the Defendant Deputy Lawson, as described above, placed the Plaintiff in apprehension of receiving a battery, and thus constituted an assault under the laws and constitution of the State of Illinois;

43. As a direct and proximate result of the above-referenced conduct of the Defendant Deputy Lawson, the Plaintiff was injured in the manner set forth above;

WHEREFORE, the Plaintiff, Shunna Williams, respectfully requests that this Honorable Court enter judgment in her favor and award the Plaintiff compensatory damages, punitive damages, the costs incurred in this matter and any further relief that this Honorable Court deems just and fair.

## COUNT V – State Court False Arrest Against Defendant Deputy Lawson

44. The Plaintiff, Shunna Williams, re-alleges, restates and incorporates paragraphs one (1) through twenty-nine (29) of this Complaint as if fully set forth herein.

45. Defendant Deputy Lawson caused the Plaintiff to be arrested even though he was without any justifiable basis for the arrest and lacked the probable cause for the arrest;

46. The aforementioned actions of Defendant Deputy Lawson restrained Plaintiff's liberty, thereby causing the Plaintiff to suffer damages.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant Deputy Lawson and enter judgment for Plaintiff and award her

compensatory damages, punitive damages, costs and for any other relief this Court deems equitable and just.

### COUNT VI – Malicious Prosecution – State Law Claim – Defendant Deputy Lawson

47. The Plaintiff, Shunna Williams, re-alleges, restates and incorporates paragraphs one (1) through twenty-nine (29) of this Complaint as if fully set forth herein.

48. On February 4, 2007, the Defendant Deputy Lawson caused the Plaintiff to be arrested and charged with various crimes without probable cause;

49. Criminal proceedings were initiated against the Plaintiff based upon the allegations made by Defendant Deputy Lawson. Said allegations made by the Defendant Deputy Lawson against the Plaintiff were made without probable cause;

50. The Defendant Deputy Lawson acted with malice;

51. Defendant Deputy Lawson deprived the Plaintiff of her rights by engaging in multiple acts, which include but are not limited to submitting false charges, submitting false police reports, fabricating information on reports and manipulating evidence for the purpose of ensuring that the Plaintiff was charged with resisting a peace officer and obstructing a peace officer.

52. The Defendant Deputy Lawson's acts and omissions described in this Complaint and directed against the Plaintiff, were material and intentional, and were in violation of the Plaintiff's rights under Illinois law;

53. The aforementioned actions of the Defendant Deputy proximately caused the Plaintiff to suffer mental and physical anguish, humiliation as a result of the charges brought against her, damage to her reputation, and forced her to incur unnecessary costs associated with defending the false charges brought against her.

WHEREFORE, the Plaintiff requests that this Court enter judgment in her favor and against the Defendant Deputy Lawson and award her compensatory damages, punitive damages, the costs incurred in this matter, and for any other relief this Court deems equitable and just.

### COUNT VII - §1985(3) Conspiracy to Deprive Rights – Defendant Deputy Hanks

54. The Plaintiff, Shunna Williams, re-alleges, restates and incorporate paragraphs one (1) through twenty-nine (29) of this Complaint as if fully set forth herein;

55. Defendant Deputy Hanks jointly agreed and/or acted in concert with Defendant Deputy Lawson to exercise their authority to deprive Plaintiff of her constitutional rights because Plaintiff was an African-American female.

WHEREFORE, the Plaintiff, Shunna Williams, respectfully requests that this Honorable Court enter judgment in her favor and award the Plaintiff compensatory damages, punitive damages, the costs incurred in this matter, and any further relief that this Honorable Court deems fair and just.

### Count VIII Willful and Wanton Conduct Against the County of Kendall, Illinois

56. Shunna Williams re-alleges, restates and incorporates paragraphs one (1) through fifty-five (55) of this Complaint as if fully set forth herein.

57. At all times material and relevant, the Defendant, the County of Kendall, Illinois, by and through its employees and agents, and specifically the Defendant Deputies, owed Shunna L. Williams a duty to exercise refrain from engaging in willful and wanton conduct during their interactions with her on February 4, 2007.

58. Notwithstanding said duties, the County of Kendall, Illinois, by and through said Defendant Deputy Sheriffs, engaged in the following willful and wanton conduct:

    a. Threatened and intimated the Plaintiff during a traffic stop on February 4, 2007;

    b.      Wrongfully entered the Plaintiff's vehicle and violently removed her from said vehicle;

    c.      Threw the Plaintiff against her vehicle in a violent and unnecessary manner;

    d.      Ransacked the Plaintiff's vehicle;

    e.      Abused the Plaintiff by making derogatory racial comments during her arrest;

    f.      Willfully and purposefully charged the Plaintiff with crimes she did not commit, and caused her to be detained in the Kendall County Jail for a lengthy and unreasonable period of time;

    g.      Acted with reckless disregard for the health, safety and emotional and psychological and psychiatric well-being of the Plaintiff.

59. As a proximate result of the above-referenced conduct, Shunna Williams has sustained severe and permanent injuries, including mental anguish, and has suffered a pecuniary loss with the expectation of future and permanent pecuniary loss, and has lost the enjoyment in and the ability to engage in everyday activities.

WHEREFORE, the Plaintiff, Shunna Williams respectfully requests that this Honorable Court enter judgment against the Defendant, the County of Kendall, Illinois and award her compensatory damages. The Plaintiff also demands punitive damages and costs and whatever additional relief this Court deems equitable and just.

### COUNT IX – 745 ILCS 10/9-102 Claim Against County of Kendall, Illinois

60. The Plaintiff re-alleges, restates and incorporates paragraphs one (1) through fifty-five (55) as if fully set forth herein;

61. The Defendant Deputies were, at all times relevant to this action, employees, agents and servants of the County of Kendall, Illinois, and engaged in the conduct complained of within the course and scope of their employment and while they were on duty;

62. The County of Kendall, Illinois, was at all time material to this action the employer and principal of the Defendant Deputies;

63. The Defendant Deputies engaged in the above-referenced acts within the scope of their employment and agency with the County of Kendall, Illinois, and under color of law and therefore the Defendant, the County of Kendall, Illinois, as principal, is liable for the actions of its agent under 745 ILCS 10/9-102.

WHEREFORE, should the Defendant Deputies be found liable for the acts of misconduct alleged, *supra*, the Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the County of Kendall, Illinois, pay the Plaintiff any judgment obtained against the Defendant Deputies as a result of this Complaint.

## COUNT X – State Claims – *Respondeat Superior* Claim Against County of Kendall, Illinois

64. The Plaintiff re-alleges, restates and incorporates paragraphs one (1) through fifty-five (55) as if fully set forth herein;

65. The Defendant Deputies were at all times relevant to this Complaint employees of the County of Kendall, Illinois, and engaged in the conduct complained of within the course and scope of their employment.

66. The County of Kendall, Illinois, is and was at all times material to this Complaint the employer and principal of the Defendant Deputies;

67. The above-referenced acts of the Defendant Deputies were within the course and scope of their employment as Deputies with the County of Kendall, Illinois, and therefore, the County of Kendall, Illinois, as the principal of the Defendant Deputies, is liable for the actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE, the Plaintiff, Shunna Williams, respectfully requests that this Honorable Court enter judgment in Plaintiff's favor and award the Plaintiff compensatory damages, the costs incurred in this matter, and any further relief this Honorable Court deems just.

### Count XI – *Respondeat Superior* and Indemnification Claim Against Richard A. Randall, the Sheriff of Kendall County

68. The Plaintiff re-alleges, restates and incorporates paragraphs one (1) through fifty-five (55) as if fully set forth herein;

69. Defendant Deputies Lawson and Hanks were at all times relevant to this Complaint employees of the Kendall County Sheriff's Office, and engaged in the conduct complained of in the course of their employment and while they were on duty.

70. The Kendall County Sheriff's Office is, and was, at all times material to this Complaint the employer and principal of the Defendant Deputies.

71. Richard A. Randall is the Sheriff of Kendall County and at all times material to this Complaint the principal in charge of the Kendall County Sheriff's Office and its employees. Richard A. Randall was at all times material to this Complaint the employer and principal of Deputies Lawson and Hanks.

72. The aforesaid acts of Deputies Lawson and Hanks were in the scope of their employment as Deputies with the Kendall County Sheriff's Office and under color of law and, therefore, the Defendant, Richard A. Randall, Sheriff of Kendall County, as principal, is liable for the actions of its agents under the doctrine of respondeat superior, with respect to the state claims asserted in this Complaint.

73. The aforesaid acts of Deputies Lawson and Hanks were in the scope of their

employment as Deputies with the Kendall County Sheriff's Office and under color of law and, therefore, the Defendant, Richard A. Randall, Sheriff of Kendall County, as principal, is liable for the willful and wanton actions of its agents under 745 ILCS 10/9-102.

WHEREFORE, should Deputies Lawson and/or Hanks be found liable for the acts alleged in paragraphs one through fifty-three above, Plaintiff demands that pursuant to the doctrine of respondeat superior, 55 ILCS 5/3-6016, and 745 ILCS 10/9-102, the Kendall County Sheriff's Office and Richard A. Randall, the Sheriff of Kendall County, pay any judgment obtained against Deputies Lawson and Hanks in connection with this litigation and any such other additional relief as this Court deems equitable and just.

Respectfully submitted,

One of Plaintiff's Attorneys

ELLIOT RICHARDSON & ASSOCIATES, LLC
20 S. Clark Street, Ste. 500
Chicago, Illinois 60603
(312) 676-2100 (t)
(312) 372-7076 (f)
ARDC #: 6286217