**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SHUNNA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **08CV753** |
| vs. | ) | **JUDGE CASTILLO** |
| | ) | **MAGISTRATE JUDGE COLE** |
| DEPUTY DAVID LAWSON, DEPUTY K. | ) | |
| HANKS, SHERIFF RICHARD A. RANDALL, | ) | |
| and COUNTY OF KENDALL, ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Deputy David Lawson, Deputy K. Hanks, Sheriff Richard A. Randall and County of Kendall, Illinois, by their attorneys, Julie A. Bruch, Saira J. Alikhan, and O'Halloran Kosoff Geitner & Cook, LLC, for their answer to the Complaint at Law filed by plaintiff, state as follows:

## JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, U.S. §1331 and §1343(a); and the Constitution of the United States and the supplemental jurisdiction of this Court as codified in 28 U.S. §1367(a).

**ANSWER:** Defendants admit jurisdiction is proper in this Court.

2.    The Plaintiff, S H U N N A  WILLIAMS (hereinafter "Williams"), is a citizen of the State of Illinois and the United States.

**ANSWER:** Defendants lack knowledge sufficient to form a belief as to the truth of the

11902-720

allegations of Paragraph 2, and therefore deny the same.

3.    Defendant Deputy David Lawson was, at all times material to this action, a member of the Sheriff's Office of Kendall County, Illinois.

**ANSWER:**  Defendants admit the allegations of Paragraph 3.

4.    Defendant Deputy K. Hanks was, at all times material to this action, a member of the Sheriff's Office of Kendall County, Illinois.

**ANSWER:**  Defendants admit the allegations of Paragraph 4.

5.    Defendant Sheriff Richard A. Randall was, at all times material to this action, the Sheriff of Kendall County, Illinois.

**ANSWER:**  Defendants admit the allegations of Paragraph 5.

6.    Richard A. Randall was the principal of Deputy Sheriff Lawson and Deputy Sheriff Hanks.

**ANSWER:**  Defendants admit the allegations of Paragraph 6.

7.    The County of Kendall is a duly incorporated corporation duly organized under the laws of the State of Illinois, and was at all times material to this action the principal and employer of Deputy David Lawson, Deputy K. Hanks, and Sheriff Richard A. Randall.

**ANSWER:**  Defendants admit that the County of Kendall is a county organized under the laws of the State of Illinois but otherwise deny the remaining allegations in paragraph 7.

8.    Defendant Deputy Lawson and Defendant Deputy Hanks and the Sheriff are sued in their individual capacities and official capacities.

**ANSWER:**  Defendants admit that plaintiff purports to sue Deputies Lawson and Flanks and Sheriff Randall in their individual and official capacities but denies that they are liable to plaintiff.

9.     At all times relevant to this Complaint, the Defendant Deputies and Sheriff were acting under the color of state law, ordinance and/or regulation, statute, custom and usage of the County of Kendall and State of Illinois.

**ANSWER:** Defendants admit the allegations of Paragraph 9.

## FACTS COMMON TO ALL COUNTS

10.    On the evening of February 4, 2007, the Plaintiff was operating her motor vehicle in a northbound direction on Route 47, south of Helmar Road, in the County of Kendall, State of Illinois.

**ANSWER:** Defendants admit the allegations of Paragraph 10.

11.    At the aforesaid place and time, Defendant Deputy Lawson was in his police cruiser and pulled the Plaintiff over to the side of the road on Route 47, near Caton Farm Road.

**ANSWER:** Defendants admit the allegations of Paragraph 11.

12.    Defendant Deputy Lawson approached the Plaintiff in an aggressive and intimidating manner.

**ANSWER:** Defendants deny the allegations of Paragraph 12.

13.    Defendant Deputy Lawson subsequently reached into the Plaintiffs car through an open window, unlocked her door from the inside and pulled the Plaintiff from the vehicle.

**ANSWER:** Defendants deny the allegations of Paragraph 13. Defendants admit that Deputy Lawson removed Plaintiff from the vehicle due to her refusal to voluntarily exit the vehicle. Defendants further admit that Deputy Lawson placed Plaintiff in handcuffs. Defendants deny the remaining allegations in Paragraph 13.

14.    Defendant Deputy Lawson violently threw the Plaintiff against her vehicle, searched her and placed her in handcuffs.

**ANSWER:** Defendants deny the allegations of Paragraph 14.

15.    Defendant Deputy Hanks arrived at the scene shortly thereafter and searched the Plaintiff.

**ANSWER:** Defendants deny the allegations of Paragraph 15.

16.    The Plaintiff was arrested by Defendant Deputy Lawson for resisting a peace officer and obstructing a peace officer.

**ANSWER:** Defendants admit the allegations of Paragraph 16.

17.    Defendant Deputy Hanks detained the Plaintiff in the rear of Deputy Lawson's police cruiser.

**ANSWER:** Defendants deny the allegations of Paragraph 17.

18.    Defendant Deputy Lawson transported the Plaintiff to Kendall County Jail where she was booked and detained, and where Deputy Lawson searched the Plaintiff again.

**ANSWER:** Defendants admit that Plaintiff was transported to Kendall County Jail. Defendants further admit that Plaintiff was booked and detained. Defendants deny the remaining allegations of Paragraph 18.

19.    Defendant Deputy Lawson lacked probable cause to search and/or arrest the Plaintiff on February 4, 2007.

**ANSWER:** Defendants deny the allegations of Paragraph 19.

20.   Defendant Deputy Lawson's use of force upon the Plaintiff was excessive and unreasonable.

**ANSWER:** Defendants deny the allegations of Paragraph 20.

21.    Defendant Deputy Hanks' search of the Plaintiff was unreasonable.

**ANSWER:**  Defendants deny the allegations of Paragraph 21.

22.    Defendant Deputy Lawson's subsequent and repeated search of the Plaintiff was unreasonable.

**ANSWER:**  Defendants deny the allegations of Paragraph 22.

23.    The Plaintiff did not threaten Defendant Deputy Lawson on February 4, 2007.

**ANSWER:**  Defendants deny the allegations of Paragraph 23.

24.    The Plaintiff did not physically assault Defendant Deputy Lawson on February 4, 2007.

**ANSWER:**  Defendants deny the allegations of Paragraph 24.

25.    The Plaintiff did not attempt to flee the scene of the traffic stop during her interactions with Defendant Deputy Lawson on February 4, 2007.

**ANSWER:**  Defendants deny the allegations of Paragraph 25.

26.    The Plaintiff did not threaten Defendant Deputy Hanks on February 4, 2007.

**ANSWER:**  Defendants admit the allegations of Paragraph 26.

27.    The Plaintiff did not physically assault Defendant Deputy Hanks on February 4. 2007.

**ANSWER:**  Defendants admit the allegations of Paragraph 27.

28.    The Plaintiff did not attempt to flee the scene of the traffic stop during her interactions with Defendant Deputy Hanks on February 4, 2007.

**ANSWER:**  Defendants deny the allegations of Paragraph 28.

29.    As a proximate cause of the Defendants' conduct, the Plaintiff has been injured. She has suffered pain, emotional damages, pecuniary damages and other compensable damages.

**ANSWER:** Defendants deny the allegations of paragraph 29.

## COUNT I
### §1983 Excessive Use of Force Against Defendant Lawson – Fourth Amendment

30.    The plaintiff, Shunna Williams, re-alleges, restates and incorporates paragraphs one (1) through twenty-nine (29) of this Complaint as if fully set forth herein.

**ANSWER:**    Defendants restate their answers to paragraphs 1 through 29 of Plaintiff's Complaint as their answer to Paragraph 30 of the Complaint as though fully set forth herein.

31.    The above-referenced conduct of the Defendant Deputy Lawson amounted to an excessive use of force unto Plaintiff and violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

**ANSWER:** Defendants deny the allegations of paragraph 31.

32.    The Defendant Deputy Lawson's aforementioned conduct was the direct and proximate cause of the constitutional violations set forth above and the Plaintiff's injuries.

**ANSWER:** Defendants deny the allegations of paragraph 32.

WHEREFORE, Defendant, Deputy David Lawson, denies that he is liable to Plaintiff, Shunna Williams, and prays that the Court dismiss Plaintiff's Complaint, with prejudice, and with costs in favor of defendants, and for such other relief as this Court deems just and equitable.

## COUNT II
### §1983 Claim – False Arrest Against Defendant Deputy Lawson – Fourth Amendment

33.    The Plaintiff, Shunna Williams, re-alleges, restates and incorporates paragraphs one (1) through twenty-nine (29) of this Complaint as if fully set forth herein.

**ANSWER:**    Defendants restate their answers to paragraphs 1 through 29 of Plaintiff's Complaint as their answer to Paragraph 33 of the Complaint as though fully set forth herein.

34.    This Count is brought pursuant to 42 U.S.C. §1983 and the Constitution of the

United States.

**ANSWER:** Defendants admit that Count is brought pursuant to 42 U.S.C. §1983 and the constitution but deny violating same.

36. Defendant Deputy Lawson caused the Plaintiff to be arrested on February 4, 2007, in violation of the Fourth Amendment of the United States Constitution.

**ANSWER:** Defendants deny the allegations of paragraph 35.

36. The aforementioned acts of Defendant Deputy Lawson proximately caused the Plaintiff to be deprived of her Fourth Amendment right to be free from arrest lacking probable cause and caused her to be unlawfully detained and jailed against her will, causing the Plaintiff to he damaged.

**ANSWER:** Defendants deny the allegations of Paragraph 36.

WHEREFORE, Defendant, Deputy David Lawson, denies that he is liable to Plaintiff, Shunna Williams, and prays that the Court dismiss Plaintiff's Complaint, with prejudice, and with costs in favor of defendants, and for such other relief as this Court deems just and equitable.

## COUNT III –
### §1985(3) Conspiracy to Deprive Rights -Defendant Deputy Lawson

37. The plaintiff, Shunna Williams, re-alleges, restates and incorporate paragraphs one (1) through twenty-nine (29) of this Complaint as if fully set forth herein.

**ANSWER:** Defendants restate their answers to paragraphs 1 through 29 of Plaintiff's Complaint as their answer to Paragraph 37 of the Complaint as though fully set forth herein.

38. Defendant Deputy Lawson jointly agreed and/or acted in concert with Defendant Deputy Hanks to exercise their authority to deprive Plaintiff of her constitutional rights because Plaintiff was an African-American female.

**ANSWER:** Defendants deny the allegations of paragraph 38.

WHEREFORE, Defendant, Deputy David Lawson, denies that he is liable to Plaintiff, Shunna Williams, and prays that the Court dismiss Plaintiff's Complaint, with prejudice, and with costs in favor of defendants and for such other relief as this Court deems just and equitable.

**COUNT IV**
**State Law Assault and Battery Claims Against Defendant Deputy Lawson**

39.    The Plaintiff, Shunna Williams, re-alleges, restates and incorporates paragraphs one (1) through twenty-nine (29) of this Complaint as if fully set forth herein.

**ANSWER:**    Defendants restate their answers to paragraphs 1 through 29 of Plaintiff's Complaint as their answer to Paragraph 39 of the Complaint as though fully set forth herein.

40.    The actions of the Defendant Deputy Lawson were affirmative acts intended to cause unpermissive contacts of a harmful and/or offensive nature to which the Plaintiff did not consent, and thus constituted battery under the laws and constitution of the State of Illinois.

**ANSWER:**  Defendants deny the allegations of Paragraph 40.

41.    These unpermissive acts directly and proximately caused the Plaintiff's injuries, pain and suffering as alleged above.

**ANSWER:**  Defendants deny the allegations of Paragraph 41.

42.    The actions of the Defendant Deputy Lawson, as described above, placed the Plaintiff in apprehension of receiving a battery, and thus constituted an assault under the laws and constitution of the State of Illinois.

**ANSWER:**  Defendants deny the allegations of Paragraph 42.

43.   As a direct and proximate result of the above-referenced conduct of the Defendant Deputy Lawson, the Plaintiff was injured in the manner set forth above.

**ANSWER:**  Defendants deny any act or omissions at the time and place alleged, deny that any act or omission on their part proximately caused damage to the plaintiff, and denies that plaintiff was injured in the manner, nature, or to the extent alleged.

WHEREFORE, Defendant, Deputy David Lawson, denies that he is liable to Plaintiff, Shunna Williams, and prays that this court dismiss Plaintiff's Complaint, with prejudice and with costs assessed against Plaintiff, and for such other relief as this Court deems just and equitable.

## COUNT V
## State Court False Arrest Against Defendant Deputy Lawson

44.   The plaintiff, Shunna Williams re-alleges, restates and incorporates paragraphs one (1) through twenty-nine (29) of this Complaint as if fully set forth herein.

**ANSWER:**   Defendants restate their answers to paragraphs 1 through 29 of Plaintiff's Complaint as their answer to Paragraph 44 of the Complaint as though fully set forth herein.

45.   Defendant Deputy Lawson caused the Plaintiff to be arrested even though he was without any justifiable basis for the arrest and lacked the probable cause for the arrest.

**ANSWER:**  Defendants deny the allegations contained therein.

46.   The aforementioned actions of Defendant Deputy Lawson restrained Plaintiff's liberty, thereby causing the Plaintiff to suffer damages.

**ANSWER:**  Defendants deny the allegations of paragraph 46.

WHEREFORE, Defendant, Deputy David Lawson, denies that he is liable to Plaintiff, Shunna Williams, and prays that the Court dismiss Plaintiff's Complaint, with prejudice, and with costs assessed against Plaintiff and for such other relief as this Court deems just and equitable.

## COUNT VI –
## Malicious Prosecution - State Law Claim - Defendant Deputy Lawson

47.     The Plaintiff, Shunna Williams, re-alleges, restates and incorporates paragraphs one (1) through twenty-nine (29) of this Complaint as if fully set forth herein.

**ANSWER:**     Defendants restate their answers to paragraphs 1 through 29 of Plaintiff's Complaint as their answer to Paragraph 47 of the Complaint as though fully set forth herein.

48.     On February 4, 2007, the Defendant Deputy Lawson caused the Plaintiff to be arrested and charged with various crimes without probable cause.

**ANSWER:**  Defendants deny the allegations of paragraph 48.

49.     Criminal proceedings were initiated against the Plaintiff based upon the allegations made by Defendant Deputy Lawson.  Said allegations made by the Defendant Deputy Lawson against the Plaintiff were made without probable cause.

**ANSWER:**  Defendants deny the allegations of Paragraph 49.

50.     The Defendant Deputy Lawson acted with malice.

**ANSWER:**   Defendants deny the allegations of paragraph 50.

51.     Defendant Deputy Lawson deprived the Plaintiff of her rights by engaging in multiple acts, which include but are not limited to submitting false charges, submitting false police reports, fabricating information on reports and manipulating evidence for the purpose of ensuring that the Plaintiff was charged with resisting a peace officer and obstructing a peace officer.

**ANSWER:**  Defendants deny the allegations of Paragraph 51.

52. The Defendant Deputy Lawson's acts and omissions described in this Complaint and directed against the Plaintiff, were material and intentional, and were in violation of the Plaintiff's rights under Illinois law.

**ANSWER:** Defendants deny the allegations of Paragraph 48.

53. The aforementioned actions of the Defendant Deputy proximately caused the Plaintiff to suffer mental and physical anguish, humiliation as a result of the charges brought against her, damage to her reputation, and forced her to incur unnecessary costs associated with defending the false charges brought against her.

**ANSWER:** Defendants deny any act or omission at the time and place alleged, deny that any act or omission proximately caused damage to the plaintiff and deny that plaintiff was injured in the manner, nature, or to the extent alleged.

WHEREFORE, Defendant, Deputy David Lawson, denies that he is liable to Plaintiff, Shunna Williams, and prays that this Court dismiss Plaintiff's Complaint with prejudice and with costs assessed against plaintiff, and for such other relief as this Court deems just and equitable.

## COUNT VII –
### §1985(3) Conspiracy to Deprive Rights – Defendant Deputy Hanks

54. The Plaintiff, Shunna Williams, re-alleges, restates and incorporate paragraphs one (1) through twenty-nine (29) of this Complaint as if fully set forth herein.

**ANSWER:** Defendants restate their answers to paragraphs 1 through 29 of Plaintiff's Complaint as their answer to Paragraph 54 of the Complaint as though fully set forth herein.

55. Defendant Deputy Hanks jointly agreed and/or acted in concert with Defendant Deputy Lawson to exercise their authority to deprive Plaintiff of her constitutional rights because Plaintiff was an African-American female.

**ANSWER:** Defendants deny the allegations of paragraph 55.

WHEREFORE, Defendant, Deputy K. Hanks, denies that he is liable to Plaintiff Shunna Williams, and prays that this Court dismiss Plaintiff's Complaint, with prejudice and with costs assessed against Plaintiff, and for such other relief as this Court deems just and equitable.

## COUNT VIII –
## Willful and Wanton Conduct Against the County of Kendall, Illinois

56.     Shunna Williams re-alleges, restates and incorporates paragraphs one (1) through fifty-five (55) of this Complaint as if fully set forth herein.

**ANSWER:**   Defendants restate their answers to paragraphs 1 through 55 of Plaintiff's Complaint as their answer to Paragraph 56 of the Complaint as though fully set forth herein.

57.     At all times material and relevant, the Defendant, the County of Kendall, Illinois, by and through its employees and agents, and specifically the Defendant Deputies, owed Shunna L. Williams a duty to exercise refrain from engaging in willful and wanton conduct during their interactions with her on February 4, 2007.

**ANSWER:**  Defendants admit only to those duties imposed upon them by law and deny that the allegations of paragraph 57 accurately set forth those duties.

58.     Notwithstanding said duties, the County of Kendall, Illinois, by and through said Defendant Deputy Sheriffs, engaged in the following willful and wanton conduct:

   a.  Threatened and intimated [sic] the Plaintiff during a traffic stop on February 4, 2007;

   b.  Wrongfully entered the Plaintiff s vehicle and violently removed her from said vehicle;

   c.  Threw the Plaintiff against her vehicle in a violent and unnecessary manner;

   d.  Ransacked the Plaintiff's vehicle;

   e.  Abused the Plaintiff by making derogatory racial comments during her arrest;

   f.  Willfully and purposefully charged the Plaintiff with crimes she did not

commit, and caused her to be detained in the Kendall County Jail for a lengthy and unreasonable period of time;

g.  Acted with reckless disregard for the health, safety and emotional and psychological and psychiatric well-being of the Plaintiff.

**ANSWER:**  Defendants deny the allegations of Paragraph 58 and the subparagraphs therein.

59.    As a proximate result of the above-referenced conduct, Shunna Williams has sustained severe and permanent injuries, including mental anguish, and has suffered a pecuniary loss with the expectation of future and permanent pecuniary loss, and has lost the enjoyment in and the ability to engage in everyday activities.

**ANSWER:**  Defendants deny any act or omission at the time and placed alleged, deny that and any act or omission on their part proximately caused damage to plaintiff and deny that plaintiff was injured in the manner, nature or to the extent alleged.

WHEREFORE, Defendant County of Kendall, Illinois, denies that it is liable to plaintiff Shunna Williams, and prays that the Court dismiss Plaintiff's Complaint with prejudice, and with costs in favor of defendants, and for such other relief as this Court deems just and equitable.

## COUNT IX –
## 745 ILCS 10/9-102 Claim Against County of Kendall, Illinois

60.    The Plaintiff re-alleges, restates and incorporates paragraphs one (1) through fifty-five (55) as if fully set forth herein.

**ANSWER:**    Defendants restate their answers to paragraphs 1 through 55 of Plaintiff's Complaint as their answer to Paragraph 60 of the Complaint as though fully set forth herein.

61.    The Defendant Deputies were, at all times relevant to this action, employees, agents and servants of the County of Kendall. Illinois, and engaged in the conduct complained of within the course and scope of their employment and while they were on duty.

**ANSWER:**  Defendants admits the allegations of Paragraph 61.

62.    The County of Kendall, Illinois, was at all time material to this action the employer and principal of the Defendant Deputies.

**ANSWER:**  Defendants deny the allegations of Paragraph 62.

63.    The Defendant Deputies engaged in the above-referenced acts within the scope of their employment and agency with the County of Kendall, Illinois, and under color of law and therefore the Defendant, the County of Kendall, Illinois, as principal, is liable for the actions of its agent under 745 ILCS 10/9-102.

**ANSWER:**  Defendants deny the allegations of Paragraph 63 as stated.  Defendants admit that Defendants acted within the scope of their employment with the Sheriff of Kendall County, and under color of law when effectuating the arrest of Plaintiff and admit that the County of Kendall must comply with 745 ILCS 10/9-102 but deny that the individual defendants committed any wrongful act or omission at the time and place alleged.

WHEREFORE, Defendant, County of Kendall, Illinois, denies that it is liable to Plaintiff Shunna Williams, and prays that this Court dismiss Plaintiff's Complaint At Law, with prejudice, and with costs assessed against Plaintiff, and for such other relief as this Court deems just and equitable.

### COUNT X –
### State Claims - *Respondeat Superior* Claim Against County of Kendall, Illinois

64.    The Plaintiff re-alleges, restates and incorporates paragraphs one (1) through fifty-five (55) as if fully set forth herein.

**ANSWER:**    Defendants restate their answers to paragraphs 1 through 55 of Plaintiff's Complaint as their answer to Paragraph 64 of the Complaint as though fully set forth herein.

65. The Defendant Deputies were at all times relevant to this Complaint employees of the County of Kendall, Illinois, and engaged in the conduct complained of within the course and scope of their employment.

**ANSWER:** Defendants deny the allegations of Paragraph 65 as stated. Defendants admit that they were at all times relevant to this Complaint employees of the Sheriff of Kendall County, and further admit Defendant Deputies acted within the scope of their employment, and deny all remaining allegations in Paragraph 65.

66. The County of Kendall, Illinois, is and was at all times material to this Complaint the employer and principal of the Defendant Deputies.

**ANSWER:** Defendants deny the allegations of Paragraph 66.

67. The above-referenced acts of the Defendant Deputies were within the course and scope of their employment as Deputies with the County of Kendall, Illinois, and therefore, the County of Kendall, Illinois, as the principal of the Defendant Deputies, is liable for the actions of its agents under the doctrine *of respondent superior.*

**ANSWER:** Defendants deny the allegations of Paragraph 67 as stated. Defendants admit that they were within the course and scope of their employment as Deputies with the Sheriff of Kendall County, Illinois, and deny all remaining allegations in Paragraph 67.

WHEREFORE Defendant, County of Kendall, Illinois, denies that it is liable to Plaintiff Shunna Williams, and prays that this Court dismiss Plaintiff's Complaint, with prejudice and with costs assessed against Plaintiff, and for such other relief as this Court deems just and equitable.

### Count Xl - *Respondeat Superior* and Indemnification Claim Against Richard A. Randall, the Sheriff of Kendall County

68.    The Plaintiff re-alleges, restates and incorporates paragraphs one (1) through fifty-five (55) as if fully set forth herein.

**ANSWER:**    Defendants restate their answers to paragraphs 1 through 55 of Plaintiff's Complaint as their answer to Paragraph 68 of the Complaint as though fully set forth herein.

69.    Defendant Deputies Lawson and Hanks were at all times relevant to this Complaint employees of the Kendall County Sheriff's Office, and engaged in the conduct complained of in the course of their employment and while they were on duty.

**ANSWER:**  Defendants deny that Deputies Lawson and Hanks engaged in the conduct complained of but otherwise admit the allegations of Paragraph 69.

70.    The Kendall County Sheriffs Office is, and was, at all times material to this Complaint the employer and principal of the Defendant Deputies.

**ANSWER:**  Defendants admit the allegations of Paragraph 70.

71.    Richard A. Randall is the Sheriff of Kendall County and at all times material to this Complaint, the principal in charge of the Kendall County Sheriff's Office and its employees. Richard A. Randall was at all times material to this Complaint the employer and principal of Deputies Lawson and Hanks.

**ANSWER:**  Defendants admit the allegations of Paragraph 71.

72.    The aforesaid acts of Deputies Lawson and Hanks were in the scope of their employment as Deputies with the Kendall County Sheriffs Office and under color of law and, therefore, the Defendant, Richard A. Randall, Sheriff of Kendall County, as principal, is liable for the actions of its agents under the doctrine of respondeat superior, with respect to the state claims asserted in this Complaint.

**ANSWER:** Defendants deny that Deputies Lawson and Hanks are liable to plaintiff in any manner whatsoever but otherwise admit the allegations of paragraph 72.

WHEREFORE Defendant, Sheriff Richard A. Randall denies that he is liable to Plaintiff Shunna Williams and prays that this Court dismiss Plaintiff's Complaint, with prejudice and with cots assessed against Plaintiff, and for such other relief as this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

Defendants, Deputy David Lawson, Deputy K. Hanks, Sheriff Richard A. Randall and County of Kendall, Illinois, by their attorneys, in addition to the denials and defenses set forth hereinabove this pleading, assert the following affirmative defenses to Plaintiff's claims:

## First Affirmative Defense

The individual defendants are entitled to qualified immunity for the federal claims alleged in Plaintiff's Complaint because the alleged acts occurred within the course and scope of their official duties, and Defendants had no knowledge that said acts were unconstitutional nor were said acts clearly violative of Plaintiff's rights at the time said acts were committed.

In the event that any action of the individual defendants deprived Plaintiff of her constitutionally protected rights, which Defendants deny, then the individual defendants maintain that their actions were done in good faith and with the reasonable belief that such actions were lawful and constitutional.

## Second Affirmative Defense

The alleged conduct of the Defendants does not rise to the level of a constitutional violation.

### Third Affirmative Defense

Plaintiff's state law claims are barred by 745 ILCS 10/2-201.

### Fourth Affirmative Defense

Plaintiff's state law claims are barred by 745 ILCS 10/2-202.

### Fifth Affirmative Defense

Deputy Lawson had probable cause to arrest Plaintiff.

### Sixth Affirmative Defense

The use of force utilized by Deputy Lawson was reasonable and necessary given

Plaintiff's failure to comply with orders prior to and at the time of her lawful arrest, pursuant

to 720 ILCS 5/7-5, which provides that

> "a peace officer, or any person whom he has summoned or directed to assist
> him, need not retreat or desist from efforts to make a lawful arrest because of
> resistance or threatened resistance to the arrest.  He is justified in the use of
> any force which he reasonably believes to be necessary to effectuate the
> arrest…" 720 ILCS 5/7-5(a).

### Seventh Affirmative Defense

That the alleged conduct of Defendants was legally justified given the conduct of the

Plaintiff and the circumstances surrounding the incident.

### Eighth Affirmative Defense

Plaintiff's state law claims against the County of Kendall and Sheriff Randall are barred

by 745 ILCS 10/2-109 of the Illinois Tort Immunity Act in that Kendall County, Illinois is

immune from suit as local public entities cannot be held liable for injury resulting from an act or

omission of its employees where the employee himself is not liable.

### Ninth Affirmative Defense

Any conduct alleged to have been committed by Deputies Lawson and/or Hanks was a result of the provocation on the part of Plaintiff.

### Tenth Affirmative Defense

Deputies Lawson and Hanks' actions were in self-defense in response to Plaintiff's conduct.

### Eleventh Affirmative Defense

Defendants used only the amount of force necessary and reasonable to effectuate a lawful arrest of Plaintiff at the time of Plaintiff's arrest and in light of the circumstances surrounding the arrest.

### Twelfth Affirmative Defense

Plaintiff's claims are barred by the doctrine of public official's immunity.

### Thirteenth Affirmative Defense

If the allegations of the complaint are true, Plaintiff's contributory negligence was a proximate cause of the injuries and damages alleged, and Plaintiff's state law claims are barred if Plaintiff's contributory negligence is greater than 50%.

### Fourteenth Affirmative Defense

If the allegations contained in the complaint are true, Plaintiff's comparative fault reduces any award of damages to Plaintiff in the state law counts, by a proportional amount.

WHEREFORE, Defendants Deputy David Lawson, Deputy K. Hanks, Sheriff Richard A. Randall and County of Kendall, Illinois, deny that they are liable to Plaintiff Shunna Williams, and pray that the Court dismiss Plaintiff's Complaint, with prejudice and without costs in favor of Defendants, and for such other and further relief as this Court deems just and equitable.

Deputy David Lawson, Deputy K. Hanks, Sheriff Richard A. Randall and County of Kendall, Illinois,

By:    s/Julie A. Bruch
        Julie A. Bruch, #6215813
        O'Halloran Kosoff Geitner & Cook, LLC
        650 Dundee Road, Suite 475
        Northbrook, Illinois 60062
        Telephone:  (847) 291-0200
        Facsimile:  (847) 291-9230

Julie Bruch
Saira J. Alikhan
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone:  (847) 291-0200
Facsimile:  (847) 291-9230

**IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SHUNNA WILLIAMS,                          )
                                          )
                         Plaintiffs,      )
v.                                        )        Case No.: 08 CV 753
                                          )
DEPUTY DAVID LAWSON, DEPUTY K. )        The Honorable Judge Castillo
HANKS, SHERIFF RICHARD A.                 )
RANDALL, and COUNTY OF KENDALL, )      Magistrate Judge Cole
ILLINOIS,                                 )
                         Defendants.      )

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2008, I electronically filed Defendants' Answer and

Affirmative Defenses with the Clerk of Court using the CM/ECF system which will send

notification of such filing to the following:

| | |
|---|---|
| Elliot Richardson | Sean M. Baker |
| erichardson@rsbmlaw.com | sbaker@erlaw.net |
| | |
| Edward L. Garris | Rachell M. Sorg |
| egarris@erlaw.net | rsorg@rsbmlaw.com |

Deputy David Lawson, Deputy K. Hanks, Sheriff
Richard A. Randall, and County Of Kendall, Illinois

By:    Julie A. Bruch_____
       Julie A. Bruch, #6215813
       O'Halloran Kosoff Geitner & Cook, LLC
       650 Dundee Road, Suite 475
       Northbrook, Illinois 60062
       Telephone:  (847) 291-0200
       Facsimile:  (847) 291-9230
       E-mail:  jbruch@okgc.com